# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Albert Bowman,

    Petitioner,

Case No.: 16-cv-646 (SRN/SER)

v.

**REPORT AND RECOMMENDATION**

Loretta E. Lynch, Jeh Johnson, Peter B. Berg,
Warden of Immigration Detention Facility, and
Jim Olson,

    Respondents.

---

Albert Bowman, *Pro Se*, A #078-780-502, Chaska, Minnesota.

Ana H. Voss and D. Gerald Wilhelm, Esqs., United States Attorney's Office, Minneapolis, Minnesota, for Respondents.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Albert Bowman's ("Bowman") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Sec. 2241 (the "Petition"). [Doc. No. 1]. In his Petition, Bowman seeks to be released from custody. This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition and dismissing the action.

## I.   BACKGROUND

Bowman is a citizen of Liberia who came to the United States in 2000 as a refugee. (Pet. ¶¶ 6, 11, 12). On December 19, 2014, following a prison term at Minnesota Correctional Facility–Lino Lakes for violating the conditions of his parole, Bowman was taken into Immigration and Customs Enforcement's ("ICE") custody. (*Id.* ¶¶ 11, 14). On April 29, 2015, an

immigration judge ordered that Bowman be removed on the grounds that he had committed a removable offense under the Immigration and Nationality Act ("INA").[1] (*Id.* ¶ 13). Because Bowman did not appeal this order, it became final thirty days later, on May 29, 2015. (*Id.* ¶ 6); *see also* 8 C.F.R. §§ 1003.38(b), 1003.39. On November 14, 2015, the Department of Homeland Security ("DHS") reviewed Bowman's detention and ordered continued detention. (Pet. ¶ 16).

Bowman filed the instant petition on March 14, 2016, arguing that, as of that date, ICE had been unable to remove him to Liberia or any other country. *See* (*id.* ¶ 15). Bowman argues that his removal "is not significantly likely to occur in the reasonably foreseeable future," and therefore he alleges his custody is unlawful because it violates (1) 8 U.S.C. § 1231(a)(6), as interpreted by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) substantive due process; and (3) procedural due process. (*Id.* ¶¶ 35–41). Bowman seeks immediate release, a "preliminary and permanent" injunction "enjoining Respondents from further unlawful detention of Petitioner"; and fees under the Equal Access to Justice Act ("EAJA"). (Pet. at 8–9).

Respondents filed their Response on April 12, 2016, arguing this Court lacks subject matter jurisdiction over the Petition because Bowman was released on March 15, 2016, subject to certain conditions. *See* (Resp.); (Ex. 1, Attached to Decl. of Ana Voss) [Doc. No. 9-1].[2] No reply to the response was filed. *See* (Order Dated Mar. 21, 2016) [Doc. No. 5]. The mailing of

---

[1] The INA considers individuals who have been convicted of certain crimes inadmissible, and therefore, subject to removal. 8 U.S.C. § 1182(a)(2); *see also id.* § 1227(a)(2) (stating that aliens admitted to the United States shall be removed if the alien committed certain crimes). Bowman states that his prison term was served pursuant to a parole violation, but neither the Petition nor the Response describe the underlying offense. *See* (Pet. ¶¶ 13, 14); (Resp. to Habeas Pet., "Resp.") [Doc. No. 8 at 1].

[2] Exhibit 1 contains the following documents: Release Notification, Order of Supervision, and Warning for Failure to Comply with Terms of Supervised Release. *See* (Ex. 1). When citing these documents, the Court will cite to Exhibit 1 and the page numbers assigned by CM/ECF.

2

this Court's Order permitting the reply was returned as undeliverable. (Mail Returned as Undeliverable) [Doc. No. 7].

## II.   DISCUSSION

### A.   Legal Standard

An alien who has been ordered removed must be removed within ninety days, the "removal period," subject to certain exceptions. 8 U.S.C. § 1231(a)(1)(A). An alien who is considered inadmissible based on his or her criminal convictions "may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in [§ 1231(a)(3)]." *Id.* § 1231(a)(6). The United States Supreme Court held that § 1231(a)(6) contains "an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Zadvydas*, 533 U.S. at 832. In particular, the Court found that unless there is a significant likelihood of removal, an alien may only be kept in custody subject to a final removal order for six months. *Id.* at 701; *see also Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (Schiltz, J.).

Bowman's release requires this Court to consider whether it has subject matter jurisdiction. *See* (Resp. at 2). "Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (internal quotation marks omitted). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation

marks omitted). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali*, 419 F.3d at 723 (internal quotation marks omitted). When a case is moot under Article III, it must be dismissed for lack of subject-matter jurisdiction. *Id.* at 724.

Nonetheless, Bowman's release does not automatically render his Petition moot. *See Spencer*, 523 U.S. at 7; *Ali*, 419 F.3d at 724. Whether Bowman's Petition is moot "depends on potentially applicable exceptions to the mootness doctrine." *Sayonkon v. Beniecke*, Civ. No. 12-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (Keyes, Mag. J.), *adopted*, 2012 WL 1622545 (May 9, 2012) (Davis, J.). A petition

> should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

*Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

**B.     Analysis**

**1.     Mootness**

None of the exceptions to the mootness doctrine apply in Bowman's case. The first exception applies when there is a "concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7. Here, there is no continuing injury from Bowman's conditions of release because they are not a collateral consequence of his allegedly illegal detention, which is the subject of his Petition. *See Sayonkon*, 2012 WL 1621149, at *2.[3]

---

[3] *See also Camara v. Comfort*, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002) ("The primary injury alleged in the petition, however, was Petitioner's illegal detention, not the final order of removal to which he is subject. Since the conditions in the order of supervision flow, not from

Instead, his conditions of release "flow from his final order of removal." *See id.* Further, the conditions imposed on Bowman's release are reasonable. *Compare* (Ex. 1 at 4, 6) (listing conditions of release) *with Sayonkon*, 2012 WL 6121149, at *3 (finding substantially similar conditions of release are reasonable).

The second exception to the mootness doctrine—that the issue identified is "'capable of repetition yet evading review'"—is narrow and only applies "when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.'" *Sayonkon*, 2012 WL 6121149, at *3 (quoting *Riemers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988)). Here, there is no evidence that Bowman will be detained again for a lengthy period of time. To the contrary, Respondents are working to remove Bowman from the United States. (Ex. 1 at 1) (advising Bowman that "[o]nce a travel document is obtained, [he] will be required to surrender to ICE for removal"). Further, whether Bowman violates the conditions of his release is a circumstance wholly within Bowman's control and therefore, does not satisfy the capable-of-repetition aspect of this exception. *See Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998) (stating that plaintiffs' claims that at least one of them is likely to violate parole and return to the correctional facility with complained-of Americans with Disabilities Act violations does not satisfy the "capable-of-repetition" prong because that result is within their control and "they are required by law[] to prevent such a possibility from occurring" (internal quotation marks omitted)).

The third exception—voluntary cessation of the illegal conduct that may be resumed—is of particular concern when an alien is released following a habeas petition and only moots

---

Petitioner's illegal detention, but from the final order of removal, they are not collateral consequences of Petitioner's detention, and therefore cannot sustain the petition's justiciability under Article III.").

litigation "'if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.'" *Sayonkon*, 2012 WL 1621149, at \*4 (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam)). There is no evidence in the record to suggest, however, that Bowman was released to deprive this Court of jurisdiction. *See id.* at \*4.

Finally, the class action exception does not apply because Bowman seeks individual and not class action relief. *See* (Pet.).

Bowman's Petition challenges the length of his ICE detention and seeks release. (Pet. at 8). But because Bowman was released, the Court cannot order the relief sought. Further, none of the exceptions to the mootness doctrine apply. Therefore, to the extent Bowman seeks release from ICE custody, the Court recommends the Petition be denied as moot.

### 2. Remaining Requests

Bowman also seeks injunctive relief preventing Respondents from "further unlawful detention." (Pet. at 9). In light of the Court's analysis that his detention is unlikely to be repeated, the Court will not recommend the issuance of an injunction. Nonetheless, consistent with Eighth Circuit law, the Court recommends dismissal of the Petition without prejudice, providing Bowman with an avenue for relief if he believes he is once again the subject of unlawful detention. *See Ali*, 419 F.3d at 724 (remanding to the district court to dismiss without prejudice the application for a writ of habeas corpus as moot).

Finally, Bowman seeks fees and costs under the EAJA.[4] (Pet. at 9). The EAJA permits a court to award fees and other expenses incurred by a prevailing party other than the United States in "any civil action brought by or against the United States or any agency or any official of the

---

[4] Although a pro se litigant is not entitled to attorneys' fees under the EAJA, the Court analyzes Bowman's request because he seeks costs, which arguably includes his five-dollar filing fee. *See Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121 (D. Minn. 2008) (Davis, J.) ("Pro se litigants are not entitled to EAJA fee awards.").

United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1); *see also id.* § 2412(d)(1)(A). A prevailing party must alter "the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* Respondents voluntarily released Bowman, and therefore, Bowman is not a prevailing party under the EAJA. Therefore, the Court denies Bowman's request for fees and costs under the EAJA.

## III.  BOWMAN'S CURRENT LOCATION

Because Bowman has been released from ICE custody and because the Court's previous attempts to reach Bowman via mail were unsuccessful, it appears the address on file with the Clerk of Court is no longer current. The provisions of Bowman's release suggest that ICE can locate Bowman to advise him of the Court's Report and Recommendation. The Court, therefore, directs ICE, its counsel, or both, to make reasonable efforts to provide Bowman with a copy of this Report and Recommendation within seven days of the date it is issued.

## IV.  RECOMMENDATION

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Albert Bowman's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Sec. 2241 [Doc. No. 1] be **DENIED**; and

2. This action be **DISMISSED without prejudice**.

Dated: October 4, 2016

                                                *s/Steven E. Rau*
                                                STEVEN E. RAU
                                                United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.